## SCIALO BROTHERS *vs.* MASSIMO MARINI.

JULY 8, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an employer's petition under the workmen's compensation act, general laws 1938, chapter 300, to review a preliminary agreement on the ground that the employee's total incapacity had ended or diminished. Following a hearing in the superior court a decree was entered denying the petition and from the entry of that decree the petitioner has duly appealed to this court.

The facts are practically undisputed and may be summarized as follows. The employee, who was illiterate, was sixty-six years old at the time of trial in 1950. He had sustained a serious spinal injury in 1940 while working as a baker for petitioner and has been receiving compensation for total incapacity since that time. As a result of such injury it was necessary to wear a brace consisting of two

steel bars in the back that run from a shoulder plate to the tip of the spine. A crossbar buckles in front to keep the back supported and to limit its motion. While so affected he also developed a hernia which he cannot restrain artificially because of the brace.

The testimony of Dr. Louis A. Sage for petitioner and of Dr. Anthony Corvese for respondent was substantially to the same effect. Both were of the opinion that respondent might possibly engage in some special kind of light work that did not require much sitting, standing or bending. However, neither of them knew of or could suggest any remunerative employment that respondent could undertake in his then physical condition. It further appears from uncontradicted and unimpeached evidence that he applied for work at the Rhode Island State Employment Service, and when it became known that he was obliged to wear a back brace they told him, as he expressed it in his testimony: "No, we can't take no chance." He also testified that while so incapacitated he worked for petitioner for one day, at the end of which time he was discharged with the statement: "I can't keep you here because you can't work." Thereafter the employer did not offer or suggest to him employment of any kind.

On such evidence the trial justice found, among other things, that respondent was unable to "do any kind of light work in general"; that the kind of work he could perform, considering the condition of his back and his present situation in life, "must be in the nature of odd jobs not generally obtainable"; that petitioner had not offered, pointed out or suggested to him light work which respondent "could perform or which by his own efforts he might reasonably obtain"; and that petitioner had failed to sustain its burden of proof as required by law.

The trial justice applied the correct rule of law to his findings, all of which are amply supported by legal evidence. It is now well settled that in this class of cases, in the ab-

sence of fraud, we may not disturb a decision of the trial justice which is supported by legal evidence.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Charles H. Anderson,* for petitioner.

*Joseph Mainelli,* for respondent.